Robert Nida (Bar No. 196081)
Matthew J. Luce (Bar No. 167381)
**NIDA & ROMYN, P.C.**
**A Professional Law Corporation**
12121 Wilshire Boulevard, Suite 1100
Los Angeles, California 90025
Telephone: (310) 286-3400
rnida@nidaromyn.com
mluce@nidaromyn.com

Attorneys for Plaintiffs, BLACK CONSTRUCTION CORPORATION AND TUTOR PERINI CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK CONSTRUCTION CORPORATION, a Guam corporation; and TUTOR PERINI CORPORATION, a Massachusetts corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1.　**DECLARATORY RELIEF;**<br><br>2.　**BREACH OF CONTRACT;**<br><br>3.　**TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (BAD FAITH);**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMPLAINT

Plaintiffs BLACK CONSTRUCTION CORPORATION, a Guam corporation ("BCC"); and TUTOR PERINI CORPORATION, a Massachusetts corporation ("TPC"), allege as follows:

## PARTIES

1. Plaintiff BCC is, and at all times herein mentioned was, a corporation duly formed, existing, and organized under the laws of the Territory of Guam, with its principal place of business located in Tamuning, Guam. At all relevant times BCC was authorized to conduct business in Guam, and was licensed by to perform the work alleged herein. At all relevant times BCC is a wholly owned and operated subsidiary of TPC.

2. Plaintiff TPC is, and at all times herein mentioned was, a corporation duly formed, existing, and organized under the laws of the State of Massachusetts, with its principal place of business located in Sylmar, California. At all relevant times TPC was authorized to conduct business in California and procured the insurance policy at issue herein in California.

3. BCC and TPC are informed and believe and thereon allege that defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union"), a company of American International Group, Inc. ("AIG"), is, and at all times herein mentioned was, a corporation duly existing and organized under the laws of the State of Pennsylvania, with its principal place of business in New York, and doing business in the state of California and the territory of Guam. BCC and TPC are informed and believe, and thereon allege that National Union has been licensed to conduct insurance business in California since November 28, 1902.

4. DOES 1 through 10, inclusive, are sued herein under fictitious names. TPP and BCC are ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOE 1 through 10, inclusive. When their true names and capacities are ascertained, BCC and TPC will amend this Complaint by inserting

2
COMPLAINT

1  their true names and capacities herein.  BCC and TPC are informed and believe, and
2  thereon allege, that each of the fictitiously named defendants is in some fashion
3  legally responsible for BCC's damages.  BCC and TPC are informed and believe
4  further, and thereon allege that each of said fictitiously named DOE Defendants 1
5  through 10, inclusive, and each of them, was the agent, partner, alter ego, employee
6  and/or servant of Defendants, acting within the scope of such agency, partnership,
7  alter ego and/or employment, and with the permission and consent of each of the other
8  defendants, and each is in some manner legally responsible for, and proximately
9  caused, any injuries and damages to BCC and TPC alleged herein, and/or each
10 otherwise has an interest in the matters adjudicated herein.

11     5.   At all times herein mentioned, each of the Defendants was the agent and
12 employee of each of the remaining Defendants and was acting within the scope of
13 such agency and employment.

## JURISDICTIONAL STATEMENT

14
15     6.   The jurisdiction of this Court over the subject matter of this action is
16 predicted on 28 USC §1332, diversity between TPC, BCC, and all defendants.  The
17 amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

18
19     7.   Venue lies within this district in accordance with 28 USC §1391(b)(1),
20 (c)(2), and (d) in this District.  Herein, National Union is an entity with the capacity
21 to sue and be sued in its common name under applicable law.  In addition, National
22 Union solicited, issued and otherwise sold the subject insurance policy to TPC in
23 Sylmar, California, for the protection of TPC and BCC.

## FACTUAL ALLEGATIONS

24
25     8.   This is an action for damages arising out of defendants' fundamental
26 failure to meet its legal and contractual obligation to provide a defense to claims
27 against BCC, as an insured under the subject insurance policy, to claims of negligent
28 construction defects and property damage.  BCC and TPC file this lawsuit for breach

of contract and tortious breach of the implied covenant of good faith and fair dealing. This action involves the scheme of defendants National Union and DOES 1 through 10, inclusive of failing to accept BCC's repeated tenders of defense of claims covered by the policy of insurance at issue herein.

9. BCC served as the general contractor during the construction of the surface water diversion system (the "Project") around the perimeter of the Ordot Dump, located in Guam. In or about 2013, BCC and entered into a written agreement with Gershman, Brickner & Bratton, Inc. ("GBB") on behalf of the government of Guam for BCC to provide services as a general contractor to GBB for construction of the Project.

10. National Union issued an insurance policy, Policy No. 0301000035, effective 05/31/2018 to 05/31/2019, described on the declarations page as "FOREIGN COMMERCIAL GENERAL LIABILITY INSURANCE," and including all endorsements thereto (hereinafter the "Policy"). The Policy, attached hereto and incorporated herein as **Exhibit A**, provided coverage to TPC and BCC. Under Endorsement No. 18 of Exhibit A, BCC is identified as an insured in addition to TPC.

11. In or about September of 2018, Guam was struck by Typhoon Manghut. Based upon information and belief, GBB has alleged, *inter alia*, that as a result of BCC's failure to properly construct the groundwater and stormwater systems outside the perimeter of the Ordot Dump, the typhoon caused clean water to overflow into the landfill and mix with leachates, whereupon the water with leachates ended back in public wastewater sewer systems.

12. On or about May 6, 2024, the government of Guam sued BCC and others in Federal Court, District of Guam (the "Guam Action") and served BCC shortly thereafter. BCC and TPC tended BCC's defense in the Guam Action to National Union on May 14, 2024, which tender was denied in a letter dated August 20, 2024. BCC and TPC provided further information and tendered the matter again to National Union in a letter dated September 5, 2024. In a letter dated October 3, 2024, National

Union's counsel denied the tender again.

13. As a direct and proximate result of National Union's bad faith refusal to comply with its obligations to BCC and TPC under the Policy, and in complete disregard of the rights of TPC and BCC, BCC and TPC have been substantially damaged and have incurred costs in pursuing its contract benefits in an amount to be proven at the time of trial. These costs include BCC and TPC being forced to hire attorneys and others to address the property damage claims in the Guam Action, which would otherwise be covered under the Policy. As the Guam Action remains pending, with upcoming hearings and discovery on going, the damages continue to be incurred on a daily basis. The parties in that case are currently conducting discovery, which is costly and being handled by counsel that TPC and BCC continue to pay directly from their own funds.

## FIRST COUNT

### (For Declaratory Relief Against National Union, And DOES 1 Through 10, Inclusive)

14. BCC and TPC re-allege each and every allegation contained in Paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. An actual controversy exists between TPC, BCC, National Union, and DOES 1 through 10, inclusive. BCC and TPC contend that, under the terms of the Policy, National Union and DOES 1 through 10, inclusive, each owes a duty to defend and indemnify BCC in the Guam Action. BCC and TPC are informed and believe, and thereon allege, that National Union, and DOES 1 through 10, inclusive, dispute this contention and deny any duty to defend BCC in the Guam Action. Accordingly, BCC and TPC seek a judicial declaration of the obligations of National Union and DOES 1 through 10, inclusive, under the Policy.

## SECOND COUNT

### (For Breach Of Written Contract Against National Union,

### And DOES 1 Through 10, Inclusive)

16. BCC and TPC re-allege each and every allegation contained in Paragraphs 1 through 15, inclusive, as though fully set forth herein.

17. National Union issued a written insurance contract to TPC in State of California for the benefit of TPC and its companies, including BCC, which is named as an insured in Endorsement No. 18.

18. BCC and TPC have performed all obligations, conditions precedent or concurrent, and covenant required of them under the Policy, unless otherwise excused, waived or made impossible to perform.

19. BCC and TPC have demanded that defendants National Union and DOES 1 through 10, inclusive, provide BCC a defense and indemnity to the claims against it in the Guam Action.

20. BCC is informed and believes and thereon alleges that beginning in 2018, defendants National Union and DOES 1 through 10, inclusive, breached the Policy by denying coverage and failing and/or refusing to defend BCC in the Guam Action.

21. As a direct and proximate result of the actions of defendants National Union and DOES 1 through 10, inclusive, BCC and TPC have incurred substantial damages in an amount to be proven at the time of trial, but exceeding the amount of jurisdictional requirements to file this action herein before this Court.

## THIRD COUNT

### (For Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing (Bad Faith) Against National Union, And DOES 1 Through 10, Inclusive)

22. BCC and TPC re-allege each and every allegation contained in Paragraphs 1 through 19, inclusive, as though fully set forth herein.

23. BCC and TPC were enrolled in the Policy with National Union and

DOES 1 through 10, inclusive, with the understanding and expectation, which was clearly understood by said defendants, that said defendants would act in good faith and deal fairly in accordance with the insurer's obligations under the Policy.

24. BCC and TPC are informed and believe, and thereon allege, that National Union and DOES 1 through 10, inclusive, tortiously breached the implied covenant of good faith and fair dealing in the Policy by engaging in the following acts:

    a.    Failing to fully and thoroughly investigate TPC and BCC's tender of defense;

    b.    Deliberately, unjustifiably, and unreasonably refusing to provide a defense to BCC related to the negligently defective construction and property damage claims asserted in the Guam Action that National Union and DOES 1 through 10, inclusive, knew or should have known were covered by the Policy, thereby denying BCC's right to a covered defense in the Guam Action;

    c.    Deliberately, unjustifiably, and unreasonably compelling BCC to procure and pay for its own defense, including hiring and paying attorneys and experts, to the TWJ defect and property damage claims in the Guam Action due under the Policy in an effort to further discourage BCC from receiving its full reasonable value of benefits under the Policy; and

    d.    Deliberately, unjustifiably, and unreasonably delaying resolution of TPC's and BCC's tender of defense by asserting coverage defenses that are legally and/or factually invalid;

    e.    Placing unduly restrictive interpretations of its Policy terms for the purpose of denying coverage under the Policy;

    f.    Forcing BCC and TPC to initiate litigation to recover amounts due and a defense to the Guam Action owed under the terms of the Policy; and

    g.    Failing to modify its coverage position as additional information was provided by TPC and BCC.

25. Upon information and belief, National Union and DOES 1 through 10, inclusive, engaged in the above described course of conduct for the explicit purpose of placing its own interests above those of TPC and BCC, its insured, and of withholding from BCC and TPC the rights and benefits to which they are entitled under the Policy.

26. Despite BCC's repeated demands for a defense to the negligently defective construction and property damage claims in the Guam Action due under the Policy, National Union and DOES 1 through 10, inclusive, continued to ignore and/or refuse full said defense and engaged in unlawful insurance practices including, but not limited to, misrepresenting the terms of the Policy.

27. In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, National Union and DOES 1 through 10, inclusive, intentionally denied a defense to the Guam Action and other benefits due under the Policy.

28. National Union and DOES 1 through 10, inclusive, engaged in the course of conduct described above in order to further their own economic interests and in violation of its obligations to its insureds TPC and BCC.

29. The conduct of National Union and DOES 1 through 10, inclusive, described herein constitutes part of said defendants' overall scheme to avoid providing a defense as required under the Policy.

30. The conduct of National Union and DOES 1 through 10, inclusive, described herein was done with a conscious disregard of the rights of BCC and TPC and has caused BCC and TPC to incur considerable expenses and fees to litigate the Guam Action. The conduct of National Union and DOES 1 through 10, inclusive, was done with the intent to vex, injure, or annoy BCC and TPC such as to constitute oppression, fraud, or malice under California *Civil Code* §3294, entitling BCC and TPC to exemplary damages in an amount appropriate to punish or set an example of National Union and DOES 1 through 10, inclusive.

31. The conduct of National Union described herein was undertaken by National Union's officers or managing agents, identified herein as DOES 1 through 10, inclusive, who were responsible for supervision, operation, reports, communications, and/or decisions. The afore-described conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to BCC and TPC at this time and are therefore identified and designated herein as DOES 1 through 10, inclusive.

32. As a proximate result of the aforementioned wrongful conduct of National Union and DOES 1 through 10, inclusive, BCC and TPC have suffered damages, plus interest, in an amount to be proven at the time of trial.

33. As a direct and proximate result of the actions of National Union and DOES 1 through 10, inclusive, BCC and TPC have incurred substantial damages including, but not limited to, costs incurred to defend BCC in the Guam Action, including but not limited to: attorney's fees and costs incurred by BCC and its counsel.

WHEREFORE, BCC and TPC pray as follows for all causes of action:

**ON THE FIRST COUNT:**

1. For a judicial declaration of the rights, duties and obligations of the parties, including a declaration that National Union and DOES 1 through 10, inclusive is obligated to defend BCC in the Guam Action, and to reimburse BCC and TPC for attorney's fees and costs already incurred to date.

**ON THE SECOND COUNT:**

2. For actual damages in an amount subject to proof at trial, including all applicable attorney's fees, costs, and interest at the maximum legal rate;

**ON THE THIRD COUNT:**

3. For exemplary damages for tortious breach of the implied covenant of good faith and fair dealing in an amount sufficient to punish National Union and DOES 1 through 10, inclusive, for the severity of their conduct, to make an example of them, and to deter such conduct in the future;

**ON ALL COUNTS:**

    4.    For prejudgment interest on the sums due BCC and TPC at the maximum rate permitted by law;

    5.    For TPC's and BCC's costs of suit herein; and

    6.    For such further relief as the Court deems just and proper.

DATED: December 19, 2024    NIDA & ROMYN, P.C.
A Professional Law Corporation

By:    /s/ MATTHEW J. LUCE
Robert Nida
Matthew J. Luce
Attorneys for Plaintiffs BLACK CONSTRUCTION CORPORATION and TUTOR PERINI CORPORATION

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: December 19, 2024        NIDA & ROMYN, P.C.
A Professional Law Corporation

By:      /s/ MATTHEW J. LUCE
Robert Nida
Matthew J. Luce
Attorneys for Plaintiffs BLACK CONSTRUCTION CORPORATION and TUTOR PERINI CORPORATION

11
COMPLAINT